[Civ. No. 4957.   First Appellate District, Division Two.—December 1, 1924.]

## HENRIETTA TASSELL, Respondent, v. EDWARD C. TASSELL et al., Appellants.

[1] DEEDS—DELIVERY—CONFLICTING EVIDENCE — FINDING — APPEAL. — In this action to obtain a judgment canceling a deed purporting to convey certain real property from plaintiff to her husband, the evidence on the issue of the delivery of the deed having been conflicting, and the trial court having made its finding in favor of plaintiff, it was beyond the power of the appellate court to disturb such finding.

[2] ID.—BURDEN OF PROOF—UNTRUTHFUL WITNESSES.—In such action, the burden was upon plaintiff to prove the nondelivery of the deed, and this burden she assumed by the introduction of her own testimony; and, although some of the statements of the several witnesses called by defendants tended to support the case of defendants, the appellate court could not say that the trial court was not justified in drawing the impression (as shown by the record) that some of such statements were not made truthfully.

[3] ID.—ISSUES—EVIDENCE—IMMATERIAL FINDING.—In such action, the issue tendered by the pleadings having been as to whether the deed was delivered or not delivered during the life of plaintiff and her husband, it having been recorded while both spouses were alive, and the trial court having found upon sufficient evidence "that the plaintiff never delivered nor intended to deliver" the deed in question to her husband, "but did tell him where said deed .was hidden," it was immaterial whether there was sufficient evidence to support the finding of the trial court to the effect that plaintiff authorized her husband to have the deed recorded in the event of her death.

---

(1) 4 C. J., p. 883, n. 33.    (2) 9 C. J., p. 1252, n. 71.    (3) 38 Cyc., p. 1970, n. 3.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. F. Stafford for Appellants.

Ernest K. Little for Respondent.

STURTEVANT, J.—Plaintiff commenced an action against the defendant to obtain a judgment canceling a deed purporting to convey a corner lot and improvements thereon located at Turk Street and First Avenue in San Francisco. Before the trial of the action the defendant died and his grantees were substituted. The judgment went for the plaintiff and the defendants have appealed.

In her complaint the plaintiff alleged that the property described in the deed was her separate property; that it was purchased by the plaintiff with moneys acquired before her marriage to the defendant; that on the twenty-second day of November she wrote out the deed and on the eighth day of December, 1919, she signed and executed it and placed it in her secret document box; that she never delivered it to the defendant, but did tell the defendant where it was; that thereafter, on the twenty-fourth day of February, 1920, while the plaintiff was sick, the defendant, without her con-

---

3.  See 8 R. C. L. 1006; 9 Cal. Jur. 194–196.

sent or knowledge, took the purported deed from its hiding place and caused it to be recorded; and that the defendant has since refused to reconvey the property. In his answer the husband admitted many of the plaintiff's allegations, but denied that the property was purchased with moneys acquired by the plaintiff before her marriage; and the defendant alleged that after the deed was executed the plaintiff delivered the document to him and that he returned it into her hands to be deposited among the private papers of the husband and wife; the defendant denied that the plaintiff had ever stated to him that he could have the deed recorded in the event of her death, but not otherwise; furthermore, the defendant alleged affirmatively that the plaintiff made, executed, and delivered the deed on the eighth day of December, 1919, and that ever since that date he had been the owner in fee simple of the property. The trial court found the facts in the language of plaintiff's complaint in her favor; and it found the affirmative allegations contained in the defendants' answer against the defendants.

The appellants do not state their points clearly and concisely. However, as we read their briefs, we understand them to contend, (1) that there was a delivery of the deed: (2) that the burden was on the plaintiff to prove nondelivery of the deed; (3) that the portion of finding VI to the effect that the plaintiff authorized the defendant to have the deed recorded in the event of her death is not supported by any evidence; and that the evidence does not support finding VII, which was written as follows: "That thereafter, while said plaintiff was ill, said Henry George Tassell secretly and without the knowledge or consent of said plaintiff removed said deed from said secret hiding place and broke off and removed the sealed covering in which said deed was contained, and on or about the 24th day of February, 1920, while said plaintiff was absent from home, said Henry George Tassell caused said deed to be recorded in the office of the recorder of the city and county of San Francisco, in volume 94 of official records at page 164." [1] Taking up these points in the order stated, we will not attempt to cite all of the evidence, but we will cite some of the evidence going to support our statements, and will state once for all that there is other evidence in the record going to substantiate the statements herein made. As to the delivery of the in-

strument Mrs. Tassell stated: "I did not sign it on November 22, 1919. I never gave this deed to my husband; he did not see that deed until he tore it out of the package." Stating her acts and intentions affirmatively she testified: "In substance, well, I told him I was running down, and I was afraid I would not get well, and I told him that I thought that he was not duly provided for in case I should be taken away from him. I knew that as long as I lived nothing was necessary, because I knew that I would take care of him. I spoke like that to him, and that was about all that I said. Yes, I did. I said, 'I will have a deed made out, and will fix it so that it can be finished and recorded so that it would take effect in your favor,' I told him so. 'In case I am taken out of the world,' I said, 'it will be all right, then you will be provided for.' . . . Then I put it in a paper similar to this. . . . I carefully sealed it up with sealing wax; I was not satisfied with bum mucilage." On the other hand, the husband's story is contained in a deposition. In that deposition he testified (referring to his wife): "Now she said, 'I will make a deed out of this corner for you—First Avenue and Turk Street.' Well, I did not say anything but the next day she got the deed and says, 'Now which is the nearest notary public,' and I told her on Sixth Avenue between Geary Street and Clement Avenue, and she went and got the notary public and had the deed all fixed up and then she came back and said, 'This corner is yours and here is the deed,' and she gave me the deed in my hand and I looked at it and folded it up and put it back in the papers. . . . I do not know, I do not remember that she said anything to me at that time or subsequently about not having it recorded." It is hard to conceive more conflicting testimony. As the trial court made its finding in favor of the plaintiff on such conflicting testimony, it is clearly beyond the power of this court to disturb the finding.

[2] As to the burden being on the plaintiff to prove the nondelivery of the deed, there can be no question regarding the rule, nevertheless, as we have just cited the record, the plaintiff assumed the burden of introducing the proof and the trial court found with her. To support her case the respondent was the sole witness; to support the case of the defendants they called as witnesses the respondent, the husband's son and the son's wife, the husband's daughter and the daughter's husband, the attorney for the deceased hus-

band, Henry C. Tassell, and also produced the deposition of the deceased husband. The deposition of the deceased husband contained the most material part of the case for the appellants, as no one was present excepting Mr. and Mrs. Tassell when the deed in question was being written out, or when the purported delivery was or was not had. The husband's relatives testified to certain conversations that occurred between Mr. and Mrs. Tassell and the witnesses. Some of those statements tended to support the case for the appellants. Some of those statements were of such a nature that they impressed the trial court as not being made truthfully. We are unable to say that the trial court was not justified in drawing the impression which the record shows that he drew.

[3] The issue tendered by the pleadings was as to whether the deed was delivered or not delivered during the life of the grantor and grantee. At the time the deed was recorded both spouses were alive. For all of the purposes of this case it is immaterial whether Mrs. Tassell ever stated to Mr. Tassell that he might, in the event of her death, take the deed from its hiding place and have it recorded. Conceding, without deciding, that there was no evidence in the record to support the last half of finding VI, the concession does not help the appellants' case. The evidence was produced and the court found against the appellants on the first part of the finding "that the plaintiff never delivered nor intended to deliver said deed to said Henry George Tassell, but did tell him where said deed was hidden."

The last point made by the appellants is entirely without merit. The plaintiff supported nearly every word contained in finding VII with her own sworn testimony and as to the rest of the averments contained in that finding the husband frankly testified as to each fact.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 25, 1925.

All the Justices concurred, except Myers, C. J., who was absent.